UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVE J. PORKOLAB,

    Petitioner,

vs.    Case No. 2:08-cv-964-FtM-29SPC

SECRETARY, DOC,

    Respondent.
_____

**ORDER OF DISMISSAL**

I.

This matter comes before the Court upon review of the file. Petitioner, who is proceeding *pro se* and currently incarcerated at Hendry Correctional Institution, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) in the United States District Court for the Northern District of Florida on September 11, 2008. Petitioner paid the filing fee. See Doc. #4, receipt no. 4-5746. The Northern District transferred the case to the United States District Court for the Middle District of Florida, Jacksonville Division on November 20, 2008. See Doc. #5. On December 29, 2008, the Jacksonville Division transferred the action to this Court. See Doc. #10.

**II.**

Prior to filing the Petition *sub judice*, Petitioner states that he filed a petition for writ of mandamus on July 11, 2007, in the circuit court. Petition at 13. The circuit court denied the petition on July 11, 2007. Id. at 13-15. Petitioner appealed the

circuit court's decision to the First District Court of Appeal. Id. at 15. The appellate court also denied Petitioner's appeal. Id. Petitioner then moved for a rehearing before the appellate court, which was denied on February 5, 2008, and mandate issued February 21, 2008. Id. at 15- 16

**III.**

Petitioner raises one ground in the Petition *sub judice*:

> Whether prison officials at the South Bay Correctional Facility violated Petitioner's Due Process Rights when officials processed disciplinary action and penalties against him without following the mandatory procedures for collecting and testing urine specimen in violation of Due Process of Law under the Fifth and Fourteenth Amendments to the Untied States Constitution.

Petition at 17.

Petitioner argues that his due process rights were violated as a result of a disciplinary report stemming from a substance abuse test and subsequent disciplinary hearing in which Petitioner was found guilty and subjected to "no less than sixty days in confinement" and 180 day loss of gain-time awards. Petition at 11. Petitioner states that he is serving a life sentence in the DOC. Id. at 2. On August 29, 2006, Petitioner states that he underwent substance abuse testing pursuant to the DOC rules. Sergeant Lewis asked Petitioner to provide a urine sample for urine analysis. Id. at 8, 19. Petitioner states that he complied, but Sergeant Lewis directed Petitioner to dispose of the first sample Petitioner provided. Pursuant to DOC rules, Lewis then provided Petitioner

with a cup of water and directed Petitioner to provide another urine sample within one hour. Id. Petitioner states that he did not drink the provided water because it was "contaminated," and, as such, could not provide the urine sample an hour later. Id. at 8, 20. For failure to provide the urine sample as directed, Petitioner was given a disciplinary report. Id. at 9, 20.

Petitioner argues that the disciplinary report contained deficiencies, such as: its failure to mention that Petitioner's first sample was discarded; and, the fact that Petitioner refused to consume the water that Lewis provided him. Id. at 10. Petitioner contends that the disciplinary process was "undermined" because of these deficiencies in the disciplinary report and argues that his due process rights were violated. Id. Petitioner plead not guilty in the disciplinary hearing, but the team found him guilty of the disciplinary report. As relief, Petitioner requests that the Court quash the disciplinary report and disciplinary penalties. Petitioner also seeks restoration all lost gain time. Id. at 24.

**IV.**

Pursuant to Rule 4, Rules Governing Habeas Corpus Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Petitioner labels his Petition, "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241," both §

2241 and § 2254 apply in this action where Petitioner is challenging a state prison disciplinary action because he is being held in custody under a State court judgment of conviction. Medberry v. Crosby, 351 F.3d 1049, 1059-62 (11th Cir. 2003).

According to 28 U.S.C. § 2241, the Court may issue a writ of habeas corpus to a prisoner when:

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claims under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into the court to testify or for trial.

28 U.S.C. § 2241(c). Section 2254, "applies to a subset of those to whom § 2241(c)(3) applies- it applies to 'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or laws or treaties of the United States.'" Medberry, 352 F.3d at 1059 (emphasis in original)(citing 28 U.S.C. 2254(a)).

Here, the Petitioner seeks habeas relief from "subsequent disciplinary penalties," which included administrative confinement. The Petition, however, was filed after Petitioner was released from administrative confinement as it was filed more than two years after the disciplinary proceeding occurred. As such, any relief Petitioner seeks from being placed in administrative confinement is now moot because he is no longer held in confinement. See Medberry, 351 F.3d 1053-54.

Petitioner also seeks expungement of the disciplinary report and restoration of gain time stemming from the alleged denial of his due process rights. The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of good time credits, a prisoner is entitled to the following three procedural safeguards: (1) advance, written notice of the charges against him and at least 24 hours to prepare a defense; (2) an opportunity, when consistent with institutional safety and correctional goals to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).

Petitioner does not raise issue with any of the above-listed factors. In fact, the Petition and attached exhibits show that Petitioner was given advanced notice of the hearing. Exh. C. Petitioner was afforded an opportunity to present a "witness statement" from inmate Michael Carver and provide his own factual

statement concerning the incident.  Exh. B.  During the disciplinary hearing, Petitioner plead not guilty.  Exh. E.  The disciplinary hearing team reviewed all of the facts, including Petitioner's statement, but found Petitioner guilty "based on the statement of facts submitted by Sergeant Lewis."  Id.  Petitioner when then provided with the "disciplinary hearing worksheet" containing their findings and decision.  Id.  To the extent Petitioner argues that his due process rights were violated because the disciplinary report did not contain all of the facts, Petitioner's exhibits show that he was permitted to present his version of the facts to the disciplinary hearing team.  See generally Exhs.  Thus, all of the facts that Petitioner deemed relevant were presented to the disciplinary hearing team for consideration.

It is not a question of whether state law or an administrative departmental policy was violated, but rather the inquiry concerns whether Petitioner's allegations rise to the level of a federal constitutional violation, and whether the procedural deficiencies are ones that violate Petitioner's due process rights guaranteed to him pursuant to the Fourteenth Amendment of the United States Constitution.  The Supreme Court has held:  "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . .

.'" Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985) (quoting United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. at 106); Williams v. Fountain, 77 F.3d 372, 375 (11th Cir.), cert. denied, 117 S. Ct. 367 (1996)).  The Court is not required to examine the entire record, to make an independent assessment of the credibility of witnesses, or to weigh the evidence.  472 U.S. at 455.  "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Williams v. Fountain, 77 F.3d at 375 (citing Superintendent v. Hill, 472 U.S. at 455-56).  As stated above, the disciplinary hearing team found Sergeant Lewis's statement persuasive and found Petitioner guilty of the infraction.  The minimal requirements of due process that are applicable to prison disciplinary proceedings have been satisfied in this case.  Thus, this case is dismissed.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED as moot** to the extent Petitioner sought relief from being held in administrative confinement.  In all other respects, the Petition is **DENIED.**

2.  The Clerk of Court shall terminate any pending motions; enter judgment accordingly; and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___9th___ day of February, 2009.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record